```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                         DISTRICT OF VERMONT


IN RE GREEN MOUNTAIN COFFEE      :
ROASTERS, INC. DERIVATIVE        :
LITIGATION                       :
                                 :    Case Nos. 2:10-cv-233
                                 :              2:10-cv-253
                                 :              2:10-cv-227
                                 :              2:12-cv-29
                                 :              2:12-cv-42
```

## Memorandum Opinion & Order
## Motions for Consolidation

In September 2010, Green Mountain Coffee Roasters, Inc. ("GMCR" or the "Company"), admitted that it had misstated its earnings. In the wake of that announcement, two parties filed shareholder derivative actions in this Court listing GMCR as the nominal defendant. *Himmel v. Stiller*, Case No. 2:10-cv-233; *Smith v. Blanford*, Case No. 2:10-cv-253. On November 29, 2010, the Court granted Himmel and Smith's joint motion to consolidate their suits and appoint Robbins Umeda LLP and the Shuman Law Firm as co-lead counsel, and Langrock Sperry & Wool, LLP as liaison counsel. ECF Nos. 8, 15. The resulting consolidated action (the "Consolidated Derivative Suit") has been stayed pending resolution of motions to dismiss in a related securities fraud lawsuit, *Horowitz v. Green Mountain Coffee Roasters, Inc.*, Case No. 2:10-cv-227.

In February and March 2012, two additional shareholder derivative suits were filed against nominal defendant GMCR, *Musa*

*Family Revocable Trust v. Stiller*, 2:12-cv-29, and *Laborers Local 235 Benefit Funds v. Stiller*, 2:12-cv-42.  The Consolidated Derivative Suit plaintiffs now move to consolidate those suits under the Consolidated Derivative Suit's heading and lead counsel structure.[1]  Musa Family Revocable Trust moved to intervene in the Consolidated Derivative Suit to object to consolidation.  Mot. to Intervene, 2:12-cv-29, ECF No. 4.  Neither Laborers Local 235 Benefit Funds nor Defendants have responded to contest the motions.

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  As the Rule's language suggests, the Court possesses wide discretion in determining whether to consolidate related cases. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  The Court "should consider both equity and judicial economy," bearing in mind that "efficiency cannot be permitted to prevail at the

---

[1]     The motions to consolidate were filed in the *Horowitz* docket, 2:10-cv-227, as ECF Nos. 61, 63.  The motion pertaining to *Musa* was also cross-filed in the *Musa* docket, 2:12-cv-29, as ECF No. 3.  As this order makes clear below, all subsequent filings in the Consolidated Derivative Suit should be lodged at 2:10-cv-233.

expense of justice." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Consolidation is particularly important in shareholder derivative litigation, where stockholders sue on behalf of the corporation they own, not in their own right. *MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958). In allowing derivative suits to proliferate uncoordinated, "[t]he cost of defending these multiple actions may well do serious harm to the very corporation in whose interest they are supposedly brought." *Id.*

    Here, all plaintiffs proceed on nearly identical causes of action. While the complaints concern different time periods, there is a "common pattern" to the factual allegations. *Kaplan v. Gelfond,* 240 F.R.D. 88, 92 (S.D.N.Y. 2007), *reconsidered on other grounds sub nom. by In re IMAX Sec. Litig.*, No. 06 Civ. 6128 (NRB), 2009 WL 1905033 (S.D.N.Y. June 29, 2009). All focus on efforts by GMCR's officers and directors to conceal flaws in the Company's balance sheet to the personal gain of insiders and to the ultimate detriment of the Company's stock. To the extent they differ, it is due in large part to the stay that has frozen the proceedings in the Consolidated Derivative Suit. Once the stay is lifted, the Consolidated Derivative Suit plaintiffs indicate that they will file an amended, consolidated complaint. Reply Br. in Supp. of Mot. for Consolidation 13, 2:12-cv-29, ECF

No. 6.  The Court "note[s] that that the filing of a consolidated complaint" permits the parties to "resolve remaining issues concerning the differing class periods." *Kaplan*, 240 F.R.D. at 92.  Since the suits' legal claims and facts are fundamentally similar, the Court finds these cases warrant consolidation.

In light of the foregoing, the Court hereby orders as follows:

- The motions to consolidate are **granted** (2:10-cv-227, ECF Nos. 61, 63; 2:12-cv-29, ECF No. 3);

- Musa Family Revocable Trust's motion to intervene (2:12-cv-29, ECF No. 4) is **denied as moot**;

- The Clerk shall **consolidate** the following cases under the heading "In re Green Mountain Coffee Roasters, Inc. Derivative Litigation," at docket number 2:10-cv-233: *Himmel v. Stiller*, Case No. 2:10-cv-233, *Smith v. Blanford*, Case No. 2:10-cv-253, *Musa Family Revocable Trust v. Stiller*, Case No. 2:12-cv-29, and *Laborers Local 235 Benefit Funds v. Stiller*, Case No. 2:12-cv-42;

- *Horowitz v. Green Mountain Coffee Roasters, Inc.*, Case No., 2:10-cv-227, **shall not be consolidated** with the Consolidated Derivative Suit.

It is so ordered.

Dated at Burlington, in the District of Vermont, this 27th day of April, 2012.

/s/William K. Sessions III
William K. Sessions III
U.S. District Court Judge